IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHELLE MCCRAY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-12-02200 |
| SPECIALIZED LOAN SERVICING, | * | |
| Defendant. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiff Michelle McCray ("Plaintiff" or "McCray"), proceeding *pro se*, has brought this action against Defendant Specialized Loan Servicing, LLC ("Defendant" or "SLS"), her mortgage loan servicer for the property located at 2439 Harriet Avenue, Baltimore, Maryland ("the Property"), alleging claims for breach of contract and trespass.  Specifically, Plaintiff alleges that Defendant trespassed on her Property when it wrongfully entered, secured and winterized the Property.  Additionally, Plaintiff alleges that Defendant was in breach of the mortgage loan agreement when it failed to properly notify her of its intent to secure and winterize the Property.  This action was initially filed in the Circuit Court for Baltimore City and later removed to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441 & 1446.[1]

---

[1] According to Defendant, Plaintiff has her citizenship in Washington, D.C., while Defendant has its citizenship in Highland Ranch, Colorado.  Notice of Removal ¶ 5, ECF No. 1, Circuit Court of Baltimore City Docket, ECF No. 1-2.  Moreover, as Plaintiff claims $200,800.00 in damages, the amount in controversy requirement is satisfied.  *See* 28 U.S.C. § 1332; Pl.'s Compl. at 5, ECF No. 2.

Pending before this Court is Defendant Specialized Loan Servicing, LLC's Motion to Dismiss (ECF No. 8) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant Specialized Loan Servicing, LLC's Motion to Dismiss (ECF No. 8) is GRANTED. Accordingly, Plaintiff Michelle McCray's claims against Defendant Specialized Loan Servicing, LLC are DISMISSED WITH PREJUDICE.

<u>BACKGROUND</u>

In the context of the present motion, this Court accepts as true the facts alleged in the plaintiff's' complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Moreover, a *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of her claims that would entitle her to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

On August 30, 2006, Plaintiff Michelle McCray ("Plaintiff" or "McCray") entered into a mortgage loan agreement with respect to the property located at 2439 Harriet Avenue, Baltimore, Maryland 21230 (the "Property"). Deed of Trust at 1, 3, ECF No. 8-2.[2] The terms of this loan are enumerated in a Deed of Trust ("DOT") which encumbers the Property. *Id.* Defendant Specialized Loan Servicing, LLC ("SLS") is the current servicer of Plaintiff's mortgage. Pl.'s Compl., ECF No. 2; Pl.'s Compl., Ex. C, ECF No. 2-3. According to the Complaint, in December 2011, Plaintiff placed online rental listings for the Property.

---

[2] This Court may "consider any documents referred to in the complaint and relied upon to justify a cause of action—even if the documents are not attached as exhibits to the complaint"—without converting a motion to dismiss into one for summary judgment. *Fare Deals, Ltd. v. World Choice Travel.Com, Inc.*, 180 F. Supp. 2d 678 (D. Md. 2001).

*Id.* at 2.   From that time until her attempt to move back on the Property in March 2012,

Plaintiff did not live in the Property but alleges that she would check on it on a weekly basis.

*Id.*   On December 26, 2011, Plaintiff received a notice from SLS informing her that she was

$11,137.53 in arrears on her mortgage loan.   Pl.'s Compl., Ex. D, ECF No. 2-4.   In a letter

dated January 6, 2012 but allegedly sent on January 28, 2012, Plaintiff responded to SLS to

inform it that the delinquent balance on her loan was under investigation with the prior loan

servicer—Bank of America.   Pl.'s Compl. at 2; Pl.'s Compl., Ex. D.   Additionally, Plaintiff

told SLS that she would resume monthly payments in the amount of $724.27 in February of

2012.   Pl.'s Compl., Ex. D.   According to Plaintiff, SLS received this letter on January 30,

2012.   Pl.'s Compl., Ex. E.

On or about February 5, 2012, SLS allegedly dispatched its agent LPS Field Services,

Inc. ("LPS") to conduct an exterior inspection of the Property.   Pl.'s Compl. at 1.   According

to Plaintiff, concluding that the Property was vacant or abandoned, LPS placed a sticker on a

screen door of the Property which read:

> Notice – LPS Field Services, Inc. inspected this property and
> found it to be vacant or abandoned.   The mortgage holder has
> the right and duty to protect this property accordingly.   It is
> likely that the mortgage holder will have the property secured
> and/or winterized within the next few days.

*Id.* at 1-2.   Plaintiff claims that she became aware of this sticker on February 12, 2012 and

subsequently filed a complaint alleging lack of notice and defacement of property with the

Consumer Financial Protection Bureau on February 17, 2012.   *Id.* at 2; Pl.'s Compl., Ex. C.

On March 11, 2012, Plaintiff returned to the Property and again noticed another LPS sticker

on her front door.   Pl.'s Compl. at 2.   The sticker stated the following:

> ATTENTION lock change completed on 3-3-12 property winterized on 3-3-12 shut off location meter reading. If the winterization box is checked, your mortgage company authorized a winterization to minimize the possibility of freeze damage. This procedure is not a guarantee or warranty with respect to the HVAC, plumbing or other mechanical systems the property should be de-winterized by a licensed contractor or plumber to assure that all systems are operational.

Pl.'s Compl. at 2-3. Because the locks were changed, Plaintiff could not enter her home. *Id.* Despite requesting that SLS grant her access to her home, Plaintiff has yet to be allowed entry. *Id.* at 5. However, Plaintiff has not alleged that she has resumed making any mortgage payments. Moreover, in a letter dated March 8, 2012, sent by Plaintiff to SLS, she acknowledges that she did not make the promised February payment and alleges that she will make that payment in March. Pl.'s Compl., Ex. I, ECF No. 2-9.

On May 6, 2012, Plaintiff, proceeding *pro se*, initially filed the Complaint against SLS in the Circuit Court for Baltimore City. Pl.'s Compl. The case was removed to this Court by Defendant SLS on July 25, 2012 on the basis of diversity jurisdiction.[3] In the Complaint, Plaintiff alleges that SLS breached the DOT by failing to give her proper notice of their intent to secure and winterize her Property. *Id.* at 4. She further alleges that SLS trespassed on her Property on two occasions; first when it inspected the Property and then when it returned to secure and winterize it. *Id.* at 5. In terms of damages, Plaintiff requests a key to the Property, that SLS pay for changing the locks, that it credit her account for the fees it charged when it conducted the winterization and lock change, and that it repair the damages to her screen and front doors. *Id.* In addition, Plaintiff requests $200,000.00 in "exemplary damages for wrongfully baring [her] from [her] home," for trespass and for breach of

---

[3] *See supra* n.1.

contract. *Id.*

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). In ruling on such a motion, this Court is guided by the Supreme Court's instructions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) which "require complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's *Twombly* decision articulated "[t]wo working principles" courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678.

First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.). In the context of *pro se* litigants, however, pleadings are "to be liberally construed," and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *accord Brown v. N.C. Dept. of Corr.*, 612 F.3d 720, 724 (4th Cir. 2010). Second, even a

*pro se* complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679; *see also O'Neil v. Ponzi*, 394 Fed. App'x. 795, 796 (2d Cir. 2010). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim.") (emphasis in original) (internal quotation marks and citation omitted). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief." *Iqbal*, 556 U.S. at 664. Finally, "[w]hile *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.' " *Weller v. Dept. of Social Servs. for City of Baltimore*, 901 F.2d 397, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985), *cert denied*, 475 U.S. 1088 (1986)).

<u>ANALYSIS</u>

Defendant Specialized Loan Servicing, LLC ("Defendant" or "SLS") has filed the instant Motion to Dismiss contending that Plaintiff Michelle McCray ("Plaintiff" or "McCray") has failed to state claims for breach of contract and trespass upon which relief

can be granted.  Specifically, SLS argues that in light of Plaintiff's default on her mortgage loan and in accordance with the terms of the Deed of Trust ("DOT"), it had the right and authority to secure and winterize the Property.  Accordingly, Defendant contends that it neither breached the DOT nor trespassed on the Property.  In her response in opposition, Plaintiff contends that she was in legal possession of the Property and that SLS breached the DOT by failing to send her notice of their intent to inspect, secure and winterize the Property at her Washington, D.C. address.[4]  Additionally, Plaintiff seeks to add claims for violations of the Fair Debt Collection Practices Act, various provisions of the Real Property of the Maryland Code, and the Maryland Homeowner Foreclosure Timeline.[5]

As a preliminary matter, unless a district court is prepared to convert a Rule 12(b)(6) motion to dismiss into one for summary judgment under Rule 56, it is limited to considering the legal sufficiency of the complaint.  *See Chapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1109 (4th Cir. 1993).  This Court is not prepared to convert the present motion to dismiss into a motion for summary judgment.  Accordingly, because Plaintiff did not include her claims for violations of the Fair Debt Collection Practices Act, the Real Property of the Maryland Code, and the Maryland Homeowner Foreclosure Timeline in the Complaint and because she has not sought leave to amend her Complaint, the Court does not address these new claims.

---

[4] Although not in the DOT, this address appears to be the one to which SLS sent Plaintiff her monthly mortgage statements.  *Compare* Def.'s Mot. to Dismiss, Ex. A, ECF No. 8-2, *with* Pl.'s Resp. in Opp., Ex. M, ECF No. 11-1.

[5] The *pro se* Plaintiff has not filed a Motion to Amend the Complaint but has merely included these claims in her Response in Opposition to Defendant's Motion to Dismiss.  While the breach of contract claim and trespass claim are DISMISSED WITH PREJUDICE, this Court does not address these other claims which have not been presented in the form of an amended or second complaint.

To state a *prima facie* claim for breach of contract under Maryland law, a plaintiff must allege that a contractual obligation exists and that the defendant has breached that obligation. *See Continental Masonry Co. v. Verdel Constr. Co.*, 369 A.2d 566 (Md. 1977). As discussed above, Plaintiff claims that SLS breached the DOT in failing to give her notice of their intent to inspect, secure and winterize the Property. According to the DOT, where the "Borrower fails to perform the covenants and agreements contained in this Security Instrument[6] . . . the Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument . . ." Deed of Trust ¶ 9, ECF No. 8-2. "Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned off." *Id.* The DOT also states that "Borrower shall have possession of the Property until Lender has given Borrower notice of default . . ." *Id.* ¶ 25. Finally, the agreement indicates that notice should be mailed or "actually delivered" to the Borrower at the Property address "unless Borrower has designated a substitute notice address." *Id.* ¶ 15.

In this case, Defendant SLS advised Plaintiff that she was in default on December 26, 2011. According to the DOT, from that point on, Plaintiff no longer had possession of the Property and SLS had the right to do whatever was "reasonable or appropriate to secure its interest in the Property" including inspecting, securing and winterizing it. Not only did Plaintiff have notice that she was in default, but Plaintiff's own allegations demonstrate that, as of February 12, 2012, she was aware that SLS, upon concluding that the Property was

---

[6] The term "Security Instrument" is defined in the Deed of Trust to include the DOT itself along with all Riders to it. Deed of Trust at 1, ECF No. 8-2.

vacant or abandoned, had decided to proceed with the securing and winterizing process. While the notice that SLS would proceed with securing and winterizing the Property was delivered at the Property's address, notice that Plaintiff was in default was sent to her at her Washington, D.C. address. Therefore, Plaintiff had notice that she no longer had possession of the Property and SLS was no longer obligated to communicate with her at the Washington, D.C. address.

Even assuming that SLS should have sent notice to Plaintiff at her Washington, D.C. address, Plaintiff's allegations establish that she had actual notice. In this Circuit, actual notice has generally been held to cure technical violations as to notice. *See e.g.*, *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984) ("When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction."); *Atkins v. Winchester Homes*, CCB-06-278, 2007 WL 269083, at * 5 (D. Md. Jan. 17, 2007) ("Here, because defendant had actual notice of the pendency of the action, the rules are entitled to a "liberal construction."). Therefore, Plaintiff received notice as to her default and she had actual notice of SLS's intent to secure and winterize the Property. Accordingly, Plaintiff has failed to state a claim for breach of contract.

Additionally, Plaintiff alleges that SLS, via its agent LPS Field Services, Inc. ("LPS"), trespassed on her property on two separate occasions. "A trespass is an intentional or negligent intrusion upon or to the possessory interest in property of another." *Ford v. Baltimore City Sheriff's Office*, 814 A.2d 127, 139 (Md. App. 2002) (citations omitted). "[A] trespass occurs when there is interference in the *exclusive possession* of the land of another." *Rosenblatt v. Exxon Co., U.S.A.*, 642 A.2d 180, 189 (Md. 1994) (emphasis added). To state a

*prima facie* case of trespass, a plaintiff must allege "(1) an interference with a possessory interest in [her] property; (2) through the defendant's physical act or force against that property; (3) which was executed without [her] consent."' *Royal Investment Grp., LLC v. Wang*, 961 A.2d 665, 688 (Md. App. 2008) (citation omitted), *cert. granted,* 968 A.2d 1064, *appeal dismissed before argument,* 975 A.2d 875 (2009).

In this case and according to the DOT, Plaintiff no longer had possession of the Property following her default on the loan. Additionally, the DOT authorized SLS to take reasonable means to secure its interest in the Property as a result of her default. In fact, the DOT specifically allowed SLS to enter the Property and "make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned off." Deed of Trust ¶ 9. Moreover, the Maryland Court of Appeals has recently held that a person entitled to possession of property is permitted to use peaceable self-help in order to repossess the property.[7] *See Nickens v. Mount Vernon Realty Group, LLC*, 54 A.3d 742, 755 (Md. 2012). Therefore, SLS had possession of the Property and had the authority to inspect, secure and winterize it. Thus, Plaintiff fails to state a claim of trespass. Accordingly, Defendant Specialized Loan Servicing, LLC's Motion to DISMISS is GRANTED.

"The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court." *180S, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638-39 (D. Md. 2009) (*citing Carter v. Norfolk Cmty. Hosp. Ass'n*, 761 F.2d 970, 974

---

[7] Interestingly, the Maryland Court of Appeals also held that "notice is not required in order to exercise peaceable self-help." *Nickens*, 54 A.3d at 754 (citing *K & K Mgmt. v. Lee*, 557 A.2d 965, 985 (Md. 1989)). As such, apart from the notice provision in the DOT, SLS was under no obligation to give notice to Plaintiff concerning its use of peaceable self-help to secure its property interest.

(4th Cir. 1985)).  While a plaintiff "should generally be given a chance to amend [her] complaint . . . before the action is dismissed with prejudice," *FinServ Cas. Corp. v. Settlement Funding, LLC,* No. H–10–0264, 2010 WL 2757536, at *10 (S.D. Tex. July 13, 2010), dismissal with prejudice is proper where the plaintiff could not allege any facts in support of [her] claims. *See, e.g., Cozzarelli v. Inspire Pharm., Inc.,* 549 F.3d 618, 630 (4th Cir. 2008).  In this case, Plaintiff was no longer in possession of the Property.  Her default triggered Defendant's right to secure and protect its interest in the Property and the actions SLS took were reasonable and appropriate under the DOT.  Accordingly, even while holding the *pro se* Plaintiff's Complaint "to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), Plaintiff cannot plead any set of facts which could support her claims of breach of contract and trespass against SLS.  As such her breach of contract and trespass claims are DISMISSED WITH PREJUDICE.

<u>CONCLUSION</u>

For the reasons stated above, Defendant Specialized Loan Servicing, LLC's Motion to Dismiss (ECF No. 8) is GRANTED.  Accordingly, Plaintiff Michelle McCray's claims against Defendant Specialized Loan Servicing, LLC are DISMISSED WITH PREJUDICE.

A separate Order follows.

Dated:        March 28, 2013              /s/
                                          Richard D. Bennett
                                          United States District Judge